LOOPER *v.* GORDON.

4-6191 147 S. W. 2d 24

Opinion delivered February 3, 1941.

■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■

*Harper & Harper,* for appellant.

*Paul E. Gutensohn,* for appellee.

HOLT, J. June 17, 1940, appellee, Mike Gordon, filed in the Sebastian circuit court petition for mandamus, naming as defendants Mayor Jim Jordan, Frances Buck, V. H. Looper, Dr. A. A. Blair, and B. H. Smith, members of the Board of Trustees for the Policemen's Pension Fund for the city of Fort Smith, Arkansas. In this petition he alleged, among other things (quoting):

"That ever since the establishment of the retirement fund he has contributed one per cent. (1%) of his monthly salary, his proportionate part, to said fund; that § 9, act 250 of the General Assembly, 1937, § 9864 of Pope's Digest provides as follows:

" 'The board of trustees by a majority vote of the members and with the approval of the physicians on

■■■■■■

said board shall have the power to retire from service in the department any member thereof who has become disabled while in the performance of his duties, or a member who has performed faithful service in the department for a period of not less than twenty years, and who has arrived at the age of 60 years, and shall in such cases place a member so retired upon the pension roll, at half pay, provided, the minimum monthly pension paid to said retired member shall not be less than fifty dollars ($50) per month regardless of whether said retired member's monthly salary shall equal this minimum sum or not.'

"That your petitioner is past 60 years of age and has performed faithful service in the police department for a period of over 20 years, and is entitled to the pension provided in said § 9864 of Pope's Digest.

"That the members of the Board of Trustees for the Policemen's Pension Fund for the city of Fort Smith, Arkansas, are Mayor Jim Jordan, Mrs. Frances Buck, Dr. A. A. Blair, B. H. Smith, and V. H. Looper; that on May 11, 1940, a quorum of the members of said board of trustees met in the office of the mayor, and there was present Mayor Jim Jordan, V. H. Looper, Commissioner Frances Buck and City Attorney Brady Pryor; that at said meeting the petitioner, Mike Gordon, was represented by his attorney, Paul E. Gutensohn; that at said time and place it was then and there agreed upon by said board of trustees, under advice of the city attorney, that the said Mike Gordon, having passed the age of 60 years and performed faithful service in the Police Department for a period of over 20 years, was entitled to a pension as provided by law; that the said petitioner, Mike Gordon, thereafter, and as a condition to the action of the said board of trustees allowing him a pension as required by law, handed in his resignation to Mayor Jim Jordan and retired as chief of police of the Fort Smith Police Department, effective May 15, 1940; that at the time of his said retirement he was being paid a salary of $200 per month; that § 9864 of Pope's Digest (§ 9, act 250, 1937) provides that the member retiring

shall be on the pension roll at half pay and your petitioner is entitled to $100 per month as half pay from May 15, 1940; that there is no discretion in the board of trustees in allowing or refusing your said petitioner his right to be retired upon the pension roll, his right having been granted by the Legislature; that subsequent to May 15, 1940, the said board of trustees has failed and refused to pay to the said petitioner the amount of his pension as provided by law though requested to do so by him; that it has failed and refused to pass necessary minutes or resolutions to place the said petitioner so retired upon the pension roll; that the said petitioner has filed his application for pension within the time and in the manner prescribed by said board and the allowance of said pension to your petitioner is a pure ministerial act required of said officials composing a board of trustees, as provided by law; that the petitioner herein has no other adequate legal or equitable remedy; that sufficient funds are available for the payment of said pension to petitioner, and prayed for an order directing the pension board to pay to him the sum of $100 per month from and after May 15, 1940, from the pension fund as provided by law.''

No answer was filed to this petition.

June 24, 1940, upon due notice to each of the defendants, the matter was heard before the court on appellee's petition. At this hearing defendants were represented by the city attorney of Fort Smith and his assistant, Jordan, Smith and Looper being present in person. Testimony was presented, but there is no bill of exceptions preserving it.

We quote in part the court's order on this hearing: ''. . . no dispute arising as to the facts set forth in the petition for mandamus, and after evidence of the witnesses introduced by the parties hereto and the argument of counsel for respective parties; from all of which and other matters proved and things before the court doth find that the petitioner'' has faithfully served in the police department as policeman and as chief of police for a period of more than 20 years; that since the estab-

lishment of the retirement fund, he has contributed one per cent. of his monthly salary to said fund; that he is past 60 years of age; and is entitled to said pension provided in § 9864 of Pope's Digest; that at the time of his retirement his salary was $200 per month and that petitioner is entitled to $100 per month, or half pay from May, 1940, and accordingly ordered defendants, as board of trustees for the pension fund for the police department of the city of Fort Smith, to pay the sum of $100 per month from May 15, 1940, to appellee (petitioner) and each month thereafter.

July 6, 1940, during the same term of court that the above order was made, appellant, V. H. Looper, one of the members of the pension board, filed a motion to vacate this order alleging, among other things (quoting from appellant's brief):

". . . that it was void on its face because the circuit court had no jurisdiction of the subject-matter and had no jurisdiction to compel the pension board to perform acts which by law were made discretionary, and that the judgment erroneously recited that the act for which a writ of mandamus was prayed was a ministerial act when it actually was a discretionary act; that the judgment showed on its face that Gordon's application for pension had not been passed upon and that his pension had not been allowed, and that therefore the circuit court was without jurisdiction to compel the pension board to pay Gordon his pension until it had been allowed by the board, and that the allowance of the pension rested solely within the discretion of the pension board."

Upon a hearing the court denied appellant's motion to vacate the order entered June 24, 1940, and it is from this judgment of the court that this appeal is prosecuted by appellant.

As has been indicated, no bill of exceptions appears in the record before us.

It is undisputed that appellee, Mike Gordon, at the time of the alleged action of the pension board, had faithfully served in the police department in the city of Fort

Smith for a period of more than 20 years and was past the age of 60; he had paid regularly into the pension fund, since its creation, one per cent. of his monthly salary.

Under the plain terms of § 9864 of Pope's Digest, the board of trustees( the pension board) by a majority vote of its members, have the power to retire from service any policeman who has performed faithful service for a period of not less than 20 years and has reached the age of 60. We agree with appellant that this power is discretionary. When, however, the pension board has acted, exercised this power and retired a member of the police force, then we hold that its power of discretion ceases and it must perform the additional ministerial act of paying to such retired policeman the pension provided for.

The question presented then is: Can we say from the face of the record before us, as appellee, Gordon, contends, that the pension board acted on appellee's pension and allowed same within the meaning of § 9864, *supra?*

Appellant in his brief says on this point: "Nowhere in the petition, nor in the order, is there a finding that the appellee's pension had ever been allowed by the pension board or that his application for pension had ever been formally acted upon. We concede that if such had happened and the board then refused to pay the pension, mandamus might be a proper remedy to compel the payment of the pension, but in the case at bar there is no finding—indeed there is no allegation in the petition—that the pension board had ever acted upon appellee's application for a pension."

When the allegations in the petition, which are not denied, are considered and analyzed, we think there can be no doubt they mean that the pension board at its meeting on May 11, 1940, at which a quorum was present, found that Mike Gordon had met all the requirements under the act in question and (quoting from the petition) "was entitled to a pension as provided by law; that the said petitioner, Mike Gordon, thereafter, and as a condition to the action of the said board of trustees

allowing him a pension as required by law, handed in his resignation to Mayor Jim Jordan and retired as chief of police of the Fort Smith Police Department, effective May 15, 1940." The trial court so found and we think correctly so.

Having reached this conclusion then, as appellee contends, mandamus was the proper remedy to force the pension board to pay to appellee the pension to which he was entitled by virtue of the pension board's action.

We think it can make no difference that appellee's 20 years in the police department were not served consecutively in order to entitle him to the pension in question. The act does not so require. Had it been the intention of the Legislature to require consecutive service for 20 years, it could have very easily said so.

Pension acts should be liberally construed in favor of those to be benefited. The rule is stated in 43 C. J. 813, § 1408, as follows: "Like other pension laws, pension acts applicable to members of the police force will be liberally construed." Again in § 1493, the rule is stated: "As in the case of other statutes, pension acts applicable to firemen should be construed to give force and effect to the legislative intent as embodied therein. The purpose of the acts being regarded as beneficial, they should be liberally construed in favor of those to be benefited."

Appellant also contends that in no event would appellee be entitled to more than $750 per year. We cannot agree with this contention.

It is true that § 9862 of Pope's Digest provides: "That no member of the department shall be retired on a pension of more than $750 a year." However, this section only applies where disability, physical or mental, is caused while in the performance of duty, regardless of the length of service, and does not apply to appellee who has been retired under § 9864, for faithful service for more than 20 years after having attained the age of 60.

We think it clear, under the latter section, that when a member of the police force has been so retired by the pension board, he is entitled to receive one-half of whatever salary he was receiving at the time of retirement,

and in no event shall he receive less than $50 per month regardless of whether his salary at retirement shall equal this minimum sum.

Finding no error in this record, the judgment of the court below is affirmed.