The Honorable Jerry Bookout State Senator P.O. Box 415 Jonesboro, AR 72401
Dear Senator Bookout:
This is in response to your request for an opinion on the following question:
 If a fire fighter becomes disabled after 20 years of consecutive service and is still an active member of the Fire Department on active duty, is the fire fighter entitled to normal retirement benefits or disability retirement? Also, is there a difference in disability benefits if the disability is due to illness or injury attributed to the job?
We will assume in responding to these questions that the applicable Code provisions are found in A.C.A. 24-11-101, et seq. governing "Local Police and Fire Pension Funds."[1] A review of these provisions indicates that while the right to participate in the fund as a normal service retirant clearly vests after twenty years, the last five of which are consecutive, the disabled fire fighter has the option of applying for disability retirement, assuming that all other requirements are met. This conclusion is compelled by the pertinent statutory provisions, when read together.
Section 24-11-818 (Supp. 1987) states in part as follows:
 (a)(2) Any pension fund member who has served in a fire department in the State of Arkansas for a period of twenty (20) years or more, the last five (5) years of which shall have been consecutive, shall be entitled to be retired and receive from the fund a monthly pension equal to one-half (1/2) of the salary attached to the rank he held as a volunteer, part-paid, or full-paid member.
 (b) Any fire fighter who shall have completed the period of service as provided for in this section shall receive from the board a certificate showing that he has completed the term of service and is entitled to participate in all the benefits provided for in this act upon compliance with, and subject to, all the other terms and conditions of this act, whether he severs his connections or continues in service at the expiration of the time as set out above. The right to participate in the fund shall become a vested right and shall not be lost by the termination of his services with or without cause.
Section 24-11-819(a)(1) (Supp. 1987) states:
 Any fire fighter who becomes totally and permanently physically or mentally incapacitated for any suitable duty as an employee as a result of personal injury or disease may be retired by the board, upon written application filed by or on behalf of the member, if, after medical examination of the member made by or under the direction of a physician designated by the board, the physician reports in writing that the member is physically or mentally totally incapacitated for the further performance of any suitable duty, that the incapacity will probably be permanent, and that the fire fighter should be retired.[2]
It must be concluded from the language of these provisions that the fire fighter's incapacity following twenty (20) consecutive years of service does not render him ineligible for disability retirement. Rather, his right to apply for disability benefits would appear to be intact, notwithstanding the fact that this right to participate as a normal service retirant has become vested. Section 24-11-819 (Supp. 1987), regarding disability retirement, does not exclude from its operation those fire fighters who did not retire following their twentieth year. Indeed, Subsection (a)(6) appears to envision the disability retirement of one who has more than twenty years of service wherein it states:
 Any fire fighter retired for reasons of disability who has more than twenty (20) years of service shall also be entitled to receive any supplementary benefit for which he would otherwise be qualified under 24-11-818.
It is also significant to note, finally, that pension acts must generally be liberally construed in favor of those to be benefited. Looper v. Gordon, 201 Ark. 841, 847, 147 S.W.2d 24
(1941).
The answer to your second question involving the difference in disability benefits for on-the-job illness or injury is "yes." The different benefit amounts are set forth under A.C.A.24-11-819(a)(2) (Supp. 1987) as follows:
 (a)(2) The benefit amount shall be: (A) If the disabling injury or disease occurred while not actually performing work in gainful employment for the fire department, the monthly benefit shall be equal to the benefit paid to normal service retirants; or (B) For a full-paid fire fighter who is injured in the line of duty, the monthly disability benefit shall either be equal to sixty-five (65%) of the salary attached to the rank held by the member in the fire department or shall be equal to the benefit paid to normal service retirants, whichever is greater. For purposes of this section, "injured in the line of duty" means a disabling injury or disease which occurs while conducting official fire department operations or while in training to become a fire fighter. The board shall determine whether the disability occurred in the line of duty, and may require any medical evidence, official reports, expert testimony, or other information to be supplied by the applicant, in addition to the required physician's examination and report. The additional benefits provided herein shall be effective for all qualifying applications first received by the board on or after January 1, 1987.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] A.C.A. 24-10-101, et seq., governing the Local Police and Fire Retirement System, applies to fire fighters employed after January 1, 1983 and to fire fighters who were not already covered by a relief fund on January 1, 1983.
[2] It should be noted that this "disability retirement" provision only applies if the fire fighter is ". . . totally incapacitated for the further performance of any suitable duty." Your question is somewhat unclear in this regard in stating the fire fighter "is still an active member of the Fire Department on active duty." I assume that this refers to the fire fighter's status at the time of disability.