The Honorable Mike Beebe State Senator 211 Arch Searcy, AR 72143
Dear Senator Beebe:
This is in response to your request for an opinion on whether a police officer participating in a local police and fire pension fund established under Act 250 of 1937 (A.C.A. 24-11-401 et seq.) may purchase his auxiliary police service time for purposes of retirement. If this may be done, you have also inquired as to the appropriate method for determining the amount to be paid in connection with the purchase.
A review of the pertinent Arkansas Code provisions compels the conclusion that the police officer cannot "purchase" this auxiliary service time, and thereby obtain credit for retirement purposes. While it is true that these provisions must be construed liberally in favor of those to be benefited (Looper v. Gordon), 201 Ark. 841, 147 S.W.2d 24 (1941)), we have found no authority under A.C.A. 24-11-401 et seq. for obtaining credited service for auxiliary police service time. Nor, in my opinion, may the board of trustees or the city independently authorize this action, in the absence of any indication under state law that the General Assembly envisioned such a procedure. It appears that the general laws of the state are sufficiently pervasive as to preclude local legislation of this nature. See, generally, Kollmeyer v. Greer, 267 Ark. 632, 593 S.W.2d 29 (1980).
This conclusion is buttressed by the authority granted under A.C.A. 24-11-418 (Supp. 1987) in connection with the purchase of credited service for military service. It is also significant to note that the legislature has provided for credited service for volunteer fire fighter service, upon the satisfaction of certain stated conditions. A.C.A. 24-11-825 (Supp. 1987). And a police officer may obtain credit under the Arkansas Local Police and Fire Retirement System (A.C.A. 24-10-101 et seq.) for volunteer service. See A.C.A. 24-10-501. "Volunteer service" is defined under that system, however, as "covered employment which becomes credited service. . . ." A.C.A. 24-10-102(14) (Emphasis added.) "Covered employment," in turn, means "employment as a police officer . . . in a position covered by the system." A.C.A.24-10-102(10). Thus, the service that is credited as "volunteer service" under the Arkansas Local Police and Fire Retirement System must be service rendered as a regularly employed, paid police officer. See A.C.A. 24-10-102(7) (definition of "employee" as "any person regularly employed by a political subdivision who receives remuneration from the political subdivision for personal services rendered as a police officer . . . ."). This system only applies, moreover, to persons first employed as police officers on or after January 1, 1983. See A.C.A. 24-10-301(a)(2) and 24-10-102(33).
These provisions further indicate that the legislature could easily have authorized credited service for auxiliary police service under the subchapter governing local police and fire pension funds, had it so intended.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.