Ms. Cathyrn E. Hinshaw, Executive Director Arkansas Fire Police Pension Review Board P.O. Drawer 34164 Little Rock, Arkansas 72203
Dear Ms. Hinshaw:
This is in response to your request for an opinion regarding Act 1004 of 1993, which is codified at A.C.A. 24-11-830 (Supp. 1993). This act established the Arkansas Fire Fighters Deferred Retirement Option Plan ("DROP"). Your question in this regard, restated, is as follows:
 If a fire fighter marries after the date on which he is eligible to enter DROP, but before he actually leaves full paid service with the department, who would receive his monthly pension should he die either before or after leaving service?
It is my opinion, although the answer it not entirely clear from the act, that monthly benefits would be paid as provided in A.C.A. 24-11-820 (Supp. 1993). Thus, in accordance with24-11-820(a)(2), the spouse will receive a monthly pension for life "in the amount of the pension received by the retired fire fighter at the time of his death, or the amount of the pension to which the member would have been entitled on the day he died had he been retired. . . ." If there is no eligible spouse at the time of his death, his children will receive payments as provided in 24-11-820(b)(2).
It should perhaps be noted in addressing this question that in accordance with 24-11-820(b)(5), no benefits are paid to a spouse or children "[i]f any retired fire fighter shall marry after his retirement." It is my opinion, however, although DROP does not expressly address the question, that the member who elects to begin participating in DROP has not "retired" for purposes of the benefits limitation under 24-11-820(b)(5). He has not yet terminated employment, nor is he receiving a monthly retirement benefit. Thus, he has not "[married] after his retirement." Id. (Emphasis added.) Section 24-11-830, which sets forth the DROP provisions, does not suggest otherwise; that is, there appears to be no suggestion in the act that he should, to the contrary, be treated as though he "retired" when he began participating in DROP. And it must be recognized that pension laws are liberally construed in favor of those to be benefited. Looper v. Gordon,201 Ark. 841, 147 S.W.2d 24 (1941).
It is therefore my opinion that when a fire fighter marries after he enters DROP, but before he leaves full paid service, his monthly benefit will be paid to his spouse or children, as set forth in A.C.A. 24-11-820 (Supp. 1993).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh