The Honorable Bill Walters State Representative P.O. Box 280 Greenwood, Arkansas 72936
Dear Representative Walters:
This is in response to your request for an opinion on the following question:
 Under A.C.A. § 24-12-121, a city clerk of a city of the first class is entitled to retirement benefits after service of not less than ten years. The City Clerk of the City of Barling began service in 1985 at which time the City of Barling was a city of the second class. The City of Barling was deemed a City of the first class after the 1990 census. At what point will the City Clerk of the City of Barling become eligible for the benefits set forth in A.C.A. § 24-12-121?
It is my opinion that the City Clerk of Barling will be entitled to the retirement benefits set out at A.C.A. § 24-12-121 sometime in 1995, ten years after the start of his or her initial service in 1985 assuming that the clerk has reached sixty years of age at that time. If he or she has not reached sixty-years of age at that time, the clerk will be entitled to retirement benefits upon reaching sixty years of age (as long as it is after ten years of service beginning in 1985), or after twenty years of service beginning in 1985, regardless of age.
The relevant portion of the statute, A.C.A. § 24-12-121 (Cum. Supp. 1993), provides as follows:
 (a) Any city clerk or clerk-treasurer in a city of the first class who shall have served as city clerk, clerk-treasurer, and city treasurer for a period of not less than ten (10) years, upon reaching the age of sixty (60) years, or who shall serve twenty (20) years without regard to age, shall be entitled to retire from office for the remainder of his or her life at the retirement pay provided for in this section.
 (b)(1) Any city clerk, city treasurer, or any person serving as city clerk or clerk-treasurer who shall retire, or be succeeded by another city clerk or clerk-treasurer within the provisions of this section shall be paid monthly a sum equal to one-half (1/2) of the monthly salary received by him during the last preceding years of his service.
 (2) The retirement pay shall be paid by the city form its general fund account.
This statute does not contemplate the situation where a part of the city clerk's service occurred when the city in question was of a classification other than a city of the first class. It is my opinion, however, in light of the precept that pension acts are to be liberally construed in favor of those to be benefited (Looper v. Gordon,201 Ark. 841, 147 S.W.2d 24 (1941)), that the city clerk will be entitled to benefits under A.C.A. § 24-12-121, after the requisite years of service, regardless of the fact that some of the service occurred when the City of Barling was a second class city. When the City of Barling was "deemed" a city of the first class, presumably by virtue of A.C.A. § 14-37-104(b)(1987), because its population increased, it became subject to the statutes governing cities of the first class, including A.C.A. § 24-12-121. This statute thus governs the retirement of the Barling City Clerk. To conclude that the years of service prior to 1990, when the City of Barling was a city of the second class, cannot be counted for computing retirement eligibility under A.C.A. § 24-12-121, would be in effect to nullify these years of service. They would, for all practical purposes, be lost forever for the purposes of retirement eligibility. I cannot conclude that such was the legislative intent.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely
WINSTON BRYANT Attorney General
WB:ECW/cyh