The Honorable Edward F. Thicksten State Representative Post Office Box 2019 Alma, Arkansas 72921-2019
Dear Representative Thicksten:
This is in response to your request for an opinion concerning retirement under a local fire pension fund. It is my understanding that a firefighter for a city of the first class joined the municipal fire department as a volunteer when he was eighteen years of age.[1] It is also my understanding that the age of majority at the time the individual joined the fire department was twenty-one years of age. You are concerned with whether the firefighter is entitled to credit towards retirement for the years of service prior to reaching the age of majority, especially in light of the fact that the age of majority is now eighteen years of age. It is my opinion that, assuming the requirements set forth in A.C.A. §24-11-801 et. seq., which govern firemen's pension and relief funds, are satisfied, the firefighter may count his years of service between the age of eighteen and the age of twenty-one towards his retirement.
Local firefighter's pension plans are governed by state statute. See
A.C.A. §§ 24-11-801 -830 (Repl. 1996); Op. Att'y Gen. 95-145. This subchapter sets out the requirements for eligibility for a pension from a local fire department.[2] Op. Att'y Gen. 95-145. This subchapter does not appear to contain any requirement that an individual must have reached the "age of majority" before a year of service may be credited towards his or her retirement. In addition, it must be recognized that pension laws are liberally construed in favor of those to be benefited. Op. Att'y Gen. 94-094; Looper v. Gordon, 201 Ark. 841, 147 S.W.2d 24
(1941)
As you noted, the current age of majority in the State of Arkansas is twenty-one years of age. A.C.A. § 9-25-101 (1993). Prior to the enactment of Act 892 of 1975, the age of majority in the state was eighteen years of age. It is, however, my opinion that the age of majority is not relevant to the issue of whether the firefighter in question is entitled to retirement credit for his or her years of service between the age of eighteen and the age of twenty-one. Even though the General Assembly has established an age of majority, a minor generally may enter into a contract, including an employment contract. If the contract is not for "necessary items" (e.g. food and shelter), the minor has the option of voiding the contract; however, other parties to the agreement cannot take advantage of the minor's right to void the contract. Op. Att'y Gen.92-042. A minor's contract is therefore valid until it is disaffirmed by the minor. Id.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] I assume that the city had not established a civil service commission and the appointment was not prohibited by A.C.A. §14-51-301(b)(1)(B)(i) or its predecessor A.S.A. § 19-1603 (no person shall be eligible for appointment to any position on the fire department who has not arrived at the age of twenty-one years).
[2] To participate in the local firefighter's pension fund, one must be a member and contribute to the fund in accordance with A.C.A. §24-11-816. Members may be either full-paid, part-paid, or volunteer fire fighters.