The Honorable Tom Kennedy State Senator 312 West Main Russellville, Arkansas 72081
Dear Senator Kennedy:
This official Attorney General opinion is rendered in response to two questions you have raised concerning retirement under a local police pension fund.
You describe a scenario in which an employee of a local police department has worked a total of twenty years for the department. The first year of those twenty years, he worked as a communications operator. The remaining nineteen years, he has worked as a certified police officer. During that first year, he did not pay into the fund, but he did pay into the fund the remaining nineteen years.
In light of that scenario, you have presented the following questions:
(1) Is this employee eligible to retire with twenty years of service?
 (2) If this employee must pay into the fund for twenty years in order to be eligible to retire, can he pay into the fund for his first year of employment with the department and retire with twenty years of pension benefits?
RESPONSE
Question 1 — Is this employee eligible to retire with twenty years ofservice?
It is my opinion that this employee is not eligible to retire with twenty years of service. This conclusion is based upon the fact that the employee has contributed to the fund for only nineteen years, rather than for twenty years.
Implicit in the twenty-year service requirement of A.C.A. § 24-11-425 is a requirement that the employee be a contributing member of the fund for twenty years. This implicit requirement is reflected in the term "member" (of the police department), as it is used in the relevant statutes.
Local police pension systems are governed by A.C.A. § 24-11-401 through -436. The legislature appears to have used the term "member" (of the police department) in those statutes to refer to persons who are both employees of the police department and who are contributing to the pension fund.
A.C.A. § 24-11-413 provides that among the sources of monies that are to be added to the pension fund is: "Six percent (6%) of the monthly salary of each member of the department, to be deducted each month by the city. . . ." Under this statutory language, a "member" of the department is contributing to the fund. This factor is significant when considered in conjunction with the description in A.C.A. § 24-11-425 of persons who are eligible to retire. That statute states: "Any member of a policedepartment who has performed faithful service for a period of at least twenty (20) years shall be eligible for voluntary retirement." Because the legislature had used the term "member" in the previous statute to refer to persons contributing to the fund, it is clear that the legislature used the term "member" in the same way when describing who is eligible to retire.
My conclusion regarding this matter is also bolstered by the rule of statutory interpretation which states that statutes should not be interpreted in a way that would bring about an absurd result. SeeCitizens To Establish A Reform Party v. Priest, 325 Ark. 257,926 S.W.2d 432 (1996). If A.C.A. § 24-11-425 were interpreted so as to allow employees who had not contributed to the fund to retire and draw benefits from the fund, the fund would soon become unsound and unavailable for those who had contributed to it — an absurd result.
For these reasons, I conclude that the employee you have described is not eligible to retire with twenty years of service, because he has contributed to the fund for only nineteen years, rather than for twenty years.
Question 2 — If this employee must pay into the fund for twenty years inorder to be eligible to retire, can he pay into the fund for his firstyear of employment with the department and retire with twenty years ofpension benefits?
It is my opinion that this employee may not pay into the fund for his first year of employment with the department and retire with twenty years of pension benefits.
The local police pension statutes make no provision for purchasing credited service in this manner. I find it significant that the legislature did make provision in these statutes for a way of purchasing credited service under other circumstances. Participants in the fund may purchase credited service for time spent in the military service. See
A.C.A. § 24-11-418 and -419. Participants may also purchase credited service that had previously been forfeited by the participant. See A.C.A. § 24-11-421. Because the legislature did provide for these types of purchases of credited service, it could easily have provided for the type you have described, had that been the legislative intent. The fact that the legislature did not do so indicates that it did not intend to provide for this type of buy-in. While I recognize that the provisions of A.C.A. § 24-11-401 et seq. should be construed liberally in favor of those to be benefited, see Looper v. Gordon, 201 Ark. 841, 147 S.W.2d 24
(1941), this office has previously declined to infer authority to purchase credited service where none is explicitly authorized. See, e.g., Op. Att'y Gen. No. 89-226.
For these reasons, I conclude that the employee whom you have described may not pay into the fund for his first year of employment with the department and retire with twenty years of pension benefits.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh