The Honorable Jay Bradford State Representative P.O. Box 8367 Pine Bluff, AR 71611-8367
Dear Representative Bradford:
You have presented the following question for my opinion:
 Can an officer purchase one year of service towards retirement from another agency if that service occurred during a break in employment with the current department? (That is, was the intent of A.C.A. § 24-11-437 to require an officer to have "prior" service before participation in the current retirement fund, or to allow credit for any former service outside the length of time covered under the pension plan?)
RESPONSE
It is my opinion that an officer may purchase one year of service towards retirement from another agency if that service occurred during a break in employment with the current department.
You have specifically inquired as to whether the intent of the provisions of A.C.A. § 24-11-347 was to require an officer to have "prior" service before participation in the current retirement fund, or to allow credit for any former service outside the length of time covered under the pension plan. In particular, you have presented a scenario in which an officer worked for four years for a particular municipal police department, then left the department and worked for four years for the county sheriff, then returned to work for the municipal police department for fifteen years. In all, this officer has nineteen years of service with the municipal police department.
It is my opinion that the provisions of A.C.A. § 24-11-437 were not intended to require that all required "prior" service be served beforeall service with the current department. Instead, I believe that the intent was to allow officers to purchase any public service time that was served outside of the time served with the current department, provided that such purchase is conducted in accordance with the requirements set forth for such purchases.
A.C.A. § 24-11-437 states:
 (a) If the board of trustees for a policemen's pension and relief fund decides to extend this benefit for its members, and if the pension fund will be actuarially sound as determined by the actuary for the Arkansas Fire and Police Pension Review Board after this benefit increase is extended to members, any member of the policemen's pension and relief fund as established by this subchapter shall be entitled to purchase credited service in the system, not to exceed two (2) years, for service rendered by the member as a law enforcement officer in this state prior to the member's employment covered by the policemen's pension and relief fund.
(b) He or she may purchase the credited service if:
 (1) He or she has participated in the policemen's pension and relief fund for at least eighteen (18) years; and
 (2) He or she contributes to the member's deposit account a sum of money equal to the amount of the combined employee and employer contribution made by or on behalf of the member to the system based upon the contributions for the last month of the employee's eighteenth year of service, multiplied by the number of months of law enforcement service the member is eligible for and desires to purchase under this section with interest thereon at the rate of six percent (6%) per annum from the date of eligibility to purchase the service to the date of purchase.
 (c) A member who purchases credited service in the system as authorized in this section shall not be entitled to receive retirement benefits under the system until the date on which he or she has twenty (20) years of actual service under the system or would have had twenty (20) years of actual service under the system if the member had continued his or her employment.
 (d) When a member purchases credited service as authorized in this section and terminates employment before his or her twentieth anniversary as a member of the system, that portion of the insurance premium tax returned to the employing city for credit to policemen's pension funds which was previously credited to the policemen's pension and relief fund for the position held by the member shall continue to be credited to that fund until the date on which the member would have been a member of the system for twenty (20) years had he or she continued employment.
A.C.A. § 24-11-437.
The conclusion that I have reached regarding this matter is based upon several factors: First, the above-quoted statute, A.C.A. § 24-11-347, does not specifically state that the required "prior" service be "prior" to all service with the current department. Second, the purposes of protecting the integrity and soundness of the retirement system are not impaired by such the conclusion that I have reached. As you indicate, the system would stand to suffer no loss by allowing the purchase. That is, the system is not impacted any differently by allowing the purchase of former service than it would be by requiring the employee in question to wait until acquiring his eighteenth year of consecutive service before permitting retirement. Third, A.C.A. § 24-11-421 explicitly allows the purchase of former service, and does not prohibit such purchased service from being counted toward eligibility for retirement. (I note that in the context of some retirement systems, the legislature has permitted the purchase of service outside the system, but in those instances has explicitly stated that such service cannot be counted in calculating eligibility for retirement. See, e.g., A.C.A. § 24-10-508, -509.) Finally, the Arkansas Supreme Court has held that the retirement statutes should be liberally interpreted in favor of those intended to be benefited thereby. Jackson v. Blytheville Civ. Serv. Com., 345 Ark. 56,43 S.W.3d 748 (2001); Looper v. Gordon, 201 Ark. 841, 147 S.W.2d 24
(1941). Indeed, the Looper court explicitly addressed the question of consecutive service, stating:
 We think it can make no difference that appellee's 20 years in the police department were not served consecutively in order to entitle him to the pension in question. The act does not so require. Had it been the intention of the Legislature to require consecutive service for 20 years, it could have very easily said so.
Looper v. Gordon, 201 Ark. at 847.
For these reasons, I conclude that in the scenario you have described, the officer in question may purchase one year of service towards retirement from another agency, even though the purchased service occurred during a break in employment with the current department. This officer must, of course, pay into the system as required by law. See
A.C.A. § 24-11-437.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/SA:cyh