THE STATE, EX REL. SPARLING, *v.* BRONSON, MAYOR.

(No. 137—Decided October 21, 1947.)

*Mr. Otto W. Hess* and *Mr. David Meekison,* for relator.

*Mr. Victor L. Mansfield,* for respondent.

GUERNSEY, J. This is an action in mandamus instituted in this court by the state of Ohio on relation of George H. Sparling, for an order commanding Ed. S. Bronson, as mayor of the city of Defiance, to correct the entries in the criminal docket kept by him as such mayor, in the case entitled "*The State of Ohio, plaintiff,* v. *George H. Sparling, defendant,*" in which case the relator, George H. Sparling, by affidavit filed in the cause on June 25, 1947, was charged with indecent exposure in the presence of the opposite sex, in violation of the provisions of Section 13032-1, General Code, by expunging from the docket the entries therein to the effect that the relator had pleaded guilty to the charge, and for such other relief as may be proper.

As the basis for the relief asked for by him, the relator alleges in his petition that upon being arrested upon the charge contained in the affidavit, he was brought before the mayor of the city of Defiance, and the mayor, notwithstanding the fact that he, Sparling, did not plead guilty to the charge, made entries on his docket in the cause to the effect that he, Sparling, pleaded guilty to the charge, and he, the mayor, therefore, fined him the sum of $50 and the costs of prosecution.

The relator, in his petition, alleges further that he has taken an appeal from the judgment and proceeding, as shown on the docket of the mayor's court.

Before this action in mandamus was submitted to this court on its merits, the respondent moved the court to dismiss the petition herein for the following stated reasons, to wit:

a. That the performance of the act by the respondent mayor sought to be enforced in this action is not one which the law specifically enjoins as a duty resulting from the office, trust or station of the respondent as mayor.

b. That the relator has a plain and adequate remedy in the ordinary course of law by way of appeal from the judgment in the mayor's court of which he has heretofore availed himself, precluding the issuance of a writ of mandamus as prayed for.

c. That the entry complained of, if a plea of guilty was not made by the relator as set forth in entry, is an error of judgment in the cause and mandamus is not a proper remedy to correct such an error.

The court reserved its decision on that motion, and, subject to the decision it should thereafter render on the motion and without prejudice to the right of the movant to have the court rule on the motion, heard the case upon the merits.

The motion, accordingly, will be first considered.

a. Section 12283, General Code, defines mandamus as follows:

"Mandamus is a writ issued, in the name of the state, to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station."

The following pertinent comment is made on that statutory definition, under the subject of mandamus, in 25 Ohio Jurisprudence, 974, Section 2, to wit:

"This definition does not require the act to be one enjoined by statute, but one enjoined by law. Attention to Blackstone's definition, from which the statutory definition was taken, and to the cases, shows that the act which the writ directs to be performed is one that the courts determine it is the duty of the respondent to do, because it appertains to his office, trust, or station; and it is especially enjoined by law, within the meaning of the definition, where it is so determined."

Under the provisions of Sections 4528, 4532, 4534, 4548, 4550, 1740, 13422-1, 13432-9, 13433-9, 13433-10, and 13433-18, General Code, it is clear that the mayor had and has jurisdiction of the case of the state against the relator in his court, and was and is required to keep a docket showing the proceedings had in the cause before him.

A judgment on the docket of the mayor's court, until reversed or modified by a reviewing court, is entitled to full faith and credit to the same extent as the judgments of other courts of the state. Consequently the law requires that the docket entries made by the mayor must correctly reflect the proceedings had before him and the judgments rendered by him.

It is, therefore, clear that the making of correct docket entries in the case before the mayor was a duty appertaining to his office, trust or station and is specially enjoined by law and enforceable in mandamus.

b. The remedy by appeal, of which the relator availed himself, is not a plain and adequate remedy in the ordinary course of law, as the reviewing court, on appeal, would be required to give full faith and credit to the entries on the mayor's docket which show a plea of guilty by the relator, and a judgment of conviction on such plea, precluding the relator from asserting error in the judgment of the court.

c. The entry on the docket of the plea of guilty, where, as alleged, no such plea was made, did not constitute an error in judgment. An error in judgment is one arising from the improper exercise of judicial discretion on the hearing of a cause, on weighing the evidence or rendering a decision upon it. *State, ex rel. Morgenthaler, v. Crites,* 48 Ohio St., 460, at page 465, 28 N. E., 178.

The entry of the plea did not involve the exercise of any judicial discretion on the part of the mayor, as it was his positive ministerial duty to enter the plea, whether guilty or not guilty, as made by the relator.

The subject matter of the plea as entered by the mayor constitutes a confession of guilt equivalent to a conviction, and a waiver of defenses other than that no offense is charged, and also a waiver of the right to trial and the incidents thereof, and all defects in the affidavit in the matter of form. 22 Corpus Juris Secundum, 655, Criminal Law, Section 424.

Consequently the entry, if uncorrected, would have the effect of depriving the relator of any right to have the judgment of the mayor reversed notwithstanding the judgment is wholly based on a plea of guilty which was not actually made.

The remedy of mandamus sought by the relator is the only remedy available to him for the wrong of which he complains.

For the reasons mentioned, the respondent's motion to dismiss the case will be overruled, and we will proceed to a consideration of the merits of this proceeding in mandamus.

The pertinent parts of Section 13032-1, General Code, upon which the charge against the relator, mentioned in the petition, is based, reads as follows:

"Whoever, being eighteen years of age or over, wilfully exposes his or her private parts in the presence of two or more persons of the opposite sex * * * shall be fined not more than two hundred dollars or imprisoned not more than six months, or both. * * *

"As used in this section, the term 'private parts' shall be construed to mean the external genitalia of the human body."

The affidavit filed in the mayor's court of the city of Defiance charges:

"That on or about the 24th day of June, A. D. 1947, at the county of Defiance, one George H. Sparling in the city of Defiance aforesaid being over the age of eighteen years did unlawfully and wilfully expose his private parts in the presence of persons of the opposite sex from himself."

From an inspection of the above quoted provisions of Section 13032-1, General Code, it will be noted that in order to constitute an offense, the exposure must be wilful; and it will be further noted that the affidavit purports to charge wilful exposure. Consequently, unless the exposure in question was wilful, no offense was committed by the relator.

On the trial of this case in this court it appeared that late at night, the relator, who was alone in a hotel room occupied by him in the city of Defiance, took off all his clothes and stood naked in the hotel room; that the view to the hotel room from the street was partially obscured by the foliage of trees in front of the hotel room, but that on account of the shades to certain of the windows in the room not being lowered, persons on the street adjacent to the hotel in which the room was located, could and did observe the relator in his naked condition in the hotel room.

Relator, on the trial, testified that upon his arraignment before the respondent mayor, and after the mayor had read the affidavit charging him with the offense, the mayor requested him to enter his plea to the charge; and that in answer to the request he, Sparling, said that he was guilty of exposure of his person but that he had not wilfully or intentionally done so. This testimony on the part of the relator is fully corroborated by the testimony of a newspaper reporter, the chief of police, and a patrolman who were present at the arraignment of the relator in the mayor's court.

The mayor himself was the only person who testified to the contrary. The mayor testified positively that the relator plead guilty, but was apparently unable to state the exact words used by the relator in making his plea, and admitted that during the arraignment the relator stated that he had not wilfully or intentionally exposed his person.

From such evidence we find that the relator pleaded as testified by him.

A plea of guilty need not be in writing and its form is not of vital importance provided the admission of guilt is clear, definite and unconditional. 22 Corpus Juris Secundum, 653, Criminal Law, Section 423.

As the relator, in his plea, expressly denied that he had wilfully or intentionally exposed his person, and wilfulness is an essential element of the offense charged in the affidavit, the plea, instead of constituting a plea of guilty, constituted a plea of not guilty.

Relator is, therefore, entitled to have a writ of mandamus issued herein commanding the respondent mayor to correct entries on his docket in the cause to show that he entered a plea of "not guilty" instead of "guilty" to the charge in the cause, and to have all subsequent entries on the docket, other than the entry reflecting waiver by him of right to trial by jury, expunged therefrom, and a writ of mandamus will be issued accordingly. The case in the mayor's court then stands for trial on the plea of not guilty entered by the respondent.

*Writ allowed.*

JACKSON, P. J., and MIDDLETON, J., concur.