COPELAND *v.* HUFF, JUDGE.

Nos. 5-272 and 5-273                    261 S. W. 2d 2

Opinion delivered August 22, 1953.

Vacation order and opinion adopted as opinion of Court

October 5, 1953.

*Wood, Chesnutt* and *Smith,* for petitioner.

*H. A. Tucker,* for respondent.

GEORGE ROSE SMITH, Justice. During the court's summer recess Curt C. Copeland has presented to me two companion petitions seeking relief against C. Floyd Huff, Jr., as judge of the Garland Circuit Court. The petitions are identical except as to the relief sought; the first asks for a writ of mandamus and the second for a writ of prohibition. (Under Article 7, § 4, of the constitution, either writ may be issued by any judge of the supreme court.)

The record reflects no dispute concerning the facts. Copeland is the publisher of a weekly newspaper in Gar-

land County. On August 10, 1953, the Garland grand jury returned sixteen indictments against Copeland, all charging criminal libel. Twelve of these indictments allege that Copeland libeled Judge Huff by publishing false accusations that Judge Huff is a thief, that he has been engaged in stealing cars, that he associates with professional gamblers, and that he is otherwise lacking in integrity. The other four indictments have to do with libelous statements that Copeland is said to have printed concerning E. S. Stevenson and A. R. Puckett.

On August 19 Copeland filed a motion asking that Judge Huff declare himself disqualified to preside in the cases. On the same day Copeland moved that the indictments be quashed for the reason that Judge Huff had called the grand jury into special session, had charged it on the law of criminal libel, had appeared as a witness against Copeland, and had dominated and controlled the grand jury in the consideration of these charges.

The motion for disqualification was immediately presented to Judge Huff and was overruled. The judge, after considering the opinion in *Foreman* v. *Marianna,* 43 Ark. 324, concluded that he had no direct pecuniary interest in the proceedings and was, therefore, eligible to conduct the trials in their entirety. He announced that he would not preside when the cases were heard on their merits but that he would pass upon all preliminary motions, so that some other judge would not be required to make trips to Hot Springs for that purpose. The motion to quash the indictments was set for hearing on August 24. The present petitions, which assert that Judge Huff will be called as a witness in connection with the motion to quash the indictments, ask that he be precluded from ruling upon that motion or upon any subsequent issues in the cases.

It is my conclusion that Judge Huff, in adverting only to his lack of pecuniary interest in the cause, overlooked other implications of Article 7, § 20, of the constitution. That section not only states that no judge shall preside when he has an interest in the outcome of the case; it also prohibits a judge from participating when

"either of the parties shall be connected with him by consanguinity or affinity, within such degree as may be prescribed by law". The fourth degree of consanguinity or affinity has been so prescribed. Ark. Stats., 1947, § 22-113.

We have uniformly given a liberal scope to the word "parties," as used in this section, to the end that the courts may achieve impartiality in the minds of the public as well as impartiality in fact. *Johnson* v. *State*, 87 Ark. 45, 112 S. W. 143, 18 L. R. A., N. S. 619; *Ferrell* v. *Keel*, 103 Ark. 96, 146 S. W. 494. If the respondent must be treated as a party within the intent of the constitution there can be no doubt of his disqualification, regardless of his pecuniary interest in the matter.

The decision in *Byler* v. *State*, 210 Ark. 790, 197 S. W. 2d 748, completely settles this question. There Byler was convicted of having murdered the sheriff. After the trial it was discovered that the judge's wife was related to the deceased within the prohibited degree. Even though Byler's guilt was clearly established, and even though the trial had been fair in every way, the conviction had to be set aside. Of course, the murdered sheriff was not technically a party to the proceeding against his assailant, but we reasoned that a judge is disqualified "if he be the injured party, or if he be related by consanguinity or affinity . . . to the injured party." Here the respondent is himself the victim of the alleged crimes, and to hold that he is not disqualified would be in effect to overrule the *Byler* case, which is obviously beyond my authority even if I were so inclined, and I am not.

The only other issue is whether mandamus or prohibition is available to the petitioner in these circumstances. Of course, mandamus does not lie to compel the performance of a duty that is discretionary, but I am unable to perceive that the law leaves the respondent with any choice in this matter. On the undisputed facts Judge Huff is ineligible to preside in these cases; so his duty to withdraw is merely ministerial. As far as I am aware, every court that has passed on the question has held that mandamus is a proper remedy in this situation.

See *Vallejo* v. *Superior Court,* 199 Calif. 408, 249 P. 1084, 48 A. L. R. 610; *State ex rel. Ballard* v. *Jefferson Circuit Court,* 225 Ind. 174, 73 N. E. 2d 489, *State ex rel. Nolan* v. *Judge,* 39 La. Ann. 994, 3 So. 91; *Hearn* v. *Miller, Judge,* 168 Okla. 411, 33 P. 2d 506. It is true that in some of the above cases the judge's duty to withdraw from the case was laid down by statute; but that is immaterial, since mandamus lies to enforce a clear legal right, whether it arises by statute or by common law. *Haines* v. *People,* 19 Ill. App. 354; *Chance* v. *Temple,* 1 Iowa 179, 189; *State ex rel. Sparling* v. *Bronson,* 83 Ohio App. 108, 82 N. E. 2d 780. Here the circuit court's duty is unmistakably imposed by the constitution itself—an authority of greater force than either legislation or the common law.

For these reasons it is ordered that a temporary writ of mandamus issue, directing that the respondent refrain from presiding in the cases in question, the writ to remain in force pending further action of the entire court upon its reconvening. Additional relief by prohibition being unnecessary, the second petition is temporarily denied.

Mr. Justice McFADDIN concurs in the result reached by the majority, but thinks prohibition is the correct remedy instead of mandamus; the Chief Justice not participating, for the reason that he did not have the benefit of the original oral presentation.