BLACK *v.* COCKRILL, JUDGE

5-3525                                               389 S. W. 2d 881

Opinion Delivered April 26, 1965.

[Rehearing denied May 31, 1965.]

*James R. Howard,* for Petitioner.

*Sam Laser,* for Respondent.

FRANK HOLT, Associate Justice. The petitioners filed in this court an original petition for a writ of mandamus seeking to compel respondent, the Judge of the Third Division of the Pulaski Circuit Court, to transfer a pending civil suit from that division to the Second Division of that court. The petitioners are the plaintiffs in the pending case.

When they filed their case it was regularly assigned, pursuant to the local court rules, to the Third Division and by agreement of the parties it was set for jury trial. Before trial, however, the petitioners filed a motion to have the cause transferred to the Second Division invoking Ark. Stat. Ann. § 22-114 (Repl. 1962) which provides:

"Whenever any suit or action shall be brought or pending in any division of any circuit or chancery court of this state, where said court has more than one [1] division, and it shall appear that the presiding judge of the division in which said action is pending is interested in said suit, or has been of counsel, or is related to either of the parties or their attorneys by blood or marriage, within the fourth degree, or shall for any other reason be disqualified to hear said cause, said suit shall be upon motion of any party, transferred to another division of said court." The respondent is the brother of two members of the firm representing the defendant. The Circuit Court

of Pulaski County is divided into three divisions. Ark Stat. Ann. § 22-326.2.

This is a matter of first impression and obviously is a test case in which both parties equally desire a definitive ruling. In resisting petitioners' motion the respondent relies upon two points. The first is that the statute under which petitioners are proceeding is unconstitutional since it attempts to expand upon the constitutionally prescribed causes for disqualification of circuit judges. In support of his argument respondent cites Article 7, § 20 of the Arkansas Constitution which reads:

"Disqualification of Judges—Grounds. No judge or justice shall preside in the trial of any cause in the event of which he may be interested, or where either of the parties shall be connected with him by consanguinity or affinity, within such degree as may be prescribed by law; or in which he may have been of counsel or have presided in any inferior court." Our legislature has prescribed the limitation as being within the fourth degree of consanguinity or affinity. Ark. Stat. Ann. § 22-113.

Respondent argues that since the constitution is silent on any relationship between the presiding judge and counsel the well-known legal principle is applicable that the express mention of one thing implies the denial of another facet of that subject. Although the constitution is silent upon such relationship, the legislature has now spoken on this very subject and, we think, in a valid manner.

Our state constitution is restrictive in nature and leaves to the legislature the absolute power to legislate unless prohibited from so doing by our constitution or unless the authority has been delegated to and exercised by our federal government. It is a well established rule of law that any doubt as to the constitutionality of a legislative act must be resolved in favor of it validity. These principles of law are reflected in such cases as *State* v. *Sloan*, 66 Ark. 575, 53 S.W. 47; *Newton* v. *Edwards*, 203 Ark. 18, 155 S.W. 2d 591; *Hackler* v. *Baker*, 233 Ark. 690, 346 S.W. 2d

677, and *Hooker* v. *Parkin,* 235 Ark. 218, 357 S.W. 2d 534. In the *Newton* case we said:

"The Constitution not being a grant, but a limitation of power, the court should, in all cases, uphold a statute unless there is an express or necessarily implied limitation of the legislative power by the Constitution. It is always presumed that the act is valid, and it will be upheld unless it is clearly prohibited by the Constitution, and where it is doubtful whether an act comes within the inhibition of the Constitution, the doubt must be resolved in favor of the constitutionality of the act."

Certainly it cannot be said that Article 7, § 20 of our state constitution prohibits, expressly or by implication, the enactment by the legislature of the questioned statute. In fact, it tends to carry out the intention of Article 7, § 20 as was expressed in our early cases construing this section. For instance, in *Johnson* v. *State,* 87 Ark. 45, 112 S.W. 143, before the enactment of the questioned statute, it was argued that the constitutional provision had no application to attorneys because they were not "parties" within the meaning of the constitution. However, we held that an attorney handling a cause on a contingent fee basis is a "party" to the litigation. Thus, the presiding judge was said to come within the ambit of this constitutional restriction and, therefore, was disqualified since he and the counsel were related within the prohibited degree. There we said that a technical and strict construction of the word "party" should not be applied. It seems that the legislature in enacting Ark. Stat. Ann. § 22-114 was merely extending the disqualification provisions of Article 7, § 20. The *Johnson* case was cited with approval in the later case of *Ferrell* v. *Keel,* 103 Ark. 96, 146 S. W. 494 and *Copeland* v. *Huff,* 222 Ark. 420, 261 S. W. 2d 2. A liberal scope of the word "parties" has been applied by this court whenever we have had occasion to construe the implications of Article 7, § 20 of our constitution.

In respondent's brief, recognition is given to the validity of Ark. Stat. Ann. § 22-326.6. Such recognition, in effect, strengthens the position of petitioners. This legis-

lative enactment empowers the Judges of the Second and Third Divisions (respondent) of the Pulaski Circuit Court, by joint action or appropriate rules, to assign or transfer all civil cases for trial. Apparently it was pursuant to this statute that the case at bar was regularly assigned. If this statute giving such authority to respondent is valid as asserted, then certainly it must follow that the legislature also has the authority to prescribe other conditions governing the transfer of a civil case from one division to another. This is exactly what the questioned statute provides. Nor can it be said the Act contravenes Article 7, § § 21 and 22 which respectively make provisions for the selection of a special judge and the exchange of circuits. Further, the Act is not at variance with the principle of separation of powers of our government.

Having found Ark. Stat. Ann. § 22-114 to be constitutional, we now direct our attention to respondent's second point which is that this statute is not applicable in the instant case. The main thrust of respondent's argument on this point is that another judge will be presiding on the day of the trial. It is undisputed that the respondent judge in characteristic fairness has voluntarily refused for some twenty years to preside whenever a relative represented a litigant in his court.

We think Ark. Stat. Ann. § 22-114 is applicable to the case at bar. The pertinent part provides:

"Whenever any suit or action shall be * pending * * * and it shall appear that the *presiding judge of the division* in which said action is pending * * is related to either of the parties or their attorneys by blood or marriage within the fourth degree * * * said suit *shall be* upon motion of any party *transferred to another division* of said court." [Emphasis added.] Its language is not restricted to who shall be presiding on the day of the trial. Its terms are mandatory that the cause shall be transferred to another division at any time during the pendency of the action upon the motion of any party. The meaning of a statute must be determined from the natural and obvious import of the language used by the legislature without

resorting to subtle and forced construction for the purpose of limiting or extending the meaning. *Hines* v. *Mills,* 187 Ark. 465, 60 S. W. 2d 181. It is our duty to construe a legislative enactment just as it reads.

Motion for the writ is granted.