The Honorable W.J. "Bill" McCuen Secretary of State State Capitol Little Rock, AR 72201
Dear Mr. McCuen:
This is in response to your request for an opinion on the following question:
 Whether pursuant to A.C.A. 14-14-918 and following the provisions of Amendment 7 to the Arkansas Constitution a County Quorum Court has the authority by two-thirds vote of all its members to amend or repeal a measure which has been either approved or disapproved by the people?
It is my opinion that the answer to this question is "yes" with regard to measures approved by the people. With regard, however, to measures that have been disapproved, the answer is, in my opinion, "no".
Arkansas Code of 1987 Annotated 14-14-918(b) states:
 No measure approved by a vote of the electors shall be amended or repealed by a quorum court except by affirmative vote of two-thirds (2/3) of the whole number of justices comprising a court. On the passage of an amendment or repealing measure, the yeas and nays shall be called and recorded in the minutes of the meeting.
This language is similar to that appearing under the "GENERAL PROVISIONS" section of Amendment 7 to the Arkansas Constitution, where it states:
 No measure approved by a vote of the people shall be amended or repealed by the General Assembly or by any City Council, except upon a yea and nay vote on roll call of two-thirds of the members elected to each house of the General Assembly, or of the City Council, as the case may be.
The fact that county quorum courts are not included within this constitutional provision does not, in my opinion, inhibit the passage of 14-14-918(b), above. It is well-established that our constitution is not a grant, but rather a limitation of power. Black v. Cockrill, Judge, 239 Ark. 367, 389 S.W.2d 881 (1965). The legislature has the absolute power to legislate, unless prohibited from doing so by the constitution, either expressly or by necessary implication. Id. The Arkansas Supreme Court has also expressed its commitment to the doctrine that the maxim "expressio unius est exclusio alterius" (the expression of one thing is the exclusion of another) is not to be applied with the same rigor in construing the constitution as in connection with a statute. State v. Martin, 60 Ark. 343, 355 (1895). "Only those things expressed in such positive affirmative terms as plainly imply the negative of what is not mentioned will be considered as inhibiting the powers of the legislature." Id.
The above-quoted language from Amendment 7 does not, in my opinion, limit the General Assembly's power to enact similar requirements in connection with county measures.
It is thus clear, under A.C.A. 14-14-918(b), that the amendment or repeal of a measure approved by the people requires a two-thirds vote of the quorum court.
This Code section should not, however, in my opinion, be construed to authorize a quorum court to "amend or repeal" a measure that has been disapproved by the people. The language is clear in referencing measures "approved by a vote of the electors." (Emphasis added.) Measures that are disapproved, either through the electors' rejection of an initiated act or as a result of the rejection of a measure referred to the electors through the referendum petition process, are not contemplated under14-14-918(b). This section should, instead, be construed as an expression of legislative intent in favor of a greater majority vote requirement (two-thirds rather than a mere majority) for subsequent legislative action with respect to a measure which was submitted to and approved by the people.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.